UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

TIMOTHY ERIC GIBSON,

        Plaintiff,

     v.                                     Case No. 20-C-1308

DENISE BONNETT,

        Defendant.

## DECISION AND ORDER GRANTING DEFENDANT'S
## MOTION FOR SUMMARY JUDGMENT

Plaintiff Timothy Gibson, who is currently serving a state prison sentence at Oshkosh Correctional Institution and representing himself, filed this action pursuant to 42 U.S.C. § 1983, alleging Defendant Denise Bonnett violated his due process rights and was deliberately indifferent to his health and safety. In particular, Plaintiff asserts Defendant prescribed him Tamsulosin 0.4 mg in March 2017 without informing him of the potential adverse side effects or advising him what to do if he experienced adverse side effects. This matter comes before the court on Defendant's motion for summary judgment on exhaustion grounds. To date, Plaintiff has not responded to the motion for summary judgment, which alone is grounds to grant the motion. *See* Civil L.R. 7(d) (E.D. Wis.). For this reason, and also because it is clear on the record before the court that Defendant is entitled to judgment as a matter of law, Defendant's motion will be granted and the case will be dismissed.

## BACKGROUND

Because Plaintiff did not respond to the motion for summary judgment, Defendant's proposed findings of fact are deemed admitted for the purposes of summary judgment. *See Smith*

*v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003) ("[F]ailure to respond by the nonmovant as mandated by the local rules results in an admission."); Civil L.R. 56(b)(4) ("The Court will deem uncontroverted statements of material fact admitted solely for the purpose of deciding summary judgment."). Plaintiff was an inmate at Fox Lake Correctional institution during all relevant times in this matter. Def.'s Proposed Findings of Fact (DPFOF) ¶ 2, Dkt. No. 38. On June 20, 2017, the inmate complaint examiner (ICE) received Plaintiff's grievance, Offender Complaint FLCI-2017-15686, in which he complained that he was prescribed Tamsulosin and was not told of its possible side effects. *Id.* ¶ 6; Dkt. No. 39-2 at 7. On June 28, 2017, the ICE recommended dismissal of Offender Complaint FLCI-2017-15686, noting that Health Service Unit records showed that Plaintiff was initially prescribed Tamsulosin on January 31, 2017, when he was at Columbia Correctional Institution, and the nurse charted in a progress note that she sent Plaintiff a memo that included the information sheet on the medication. DPFOF ¶ 7. The Reviewing Authority (RA) dismissed Offender Complaint FLCI-2017-15686 on July 7, 2017. *Id.* ¶ 8. Plaintiff did not appeal the dismissal of Offender Complaint FLCI-2017-15686. *Id.* ¶ 9.

Plaintiff filed a second inmate complaint regarding the Tamsulosin issue. This grievance, Offender Complaint FLCI-2017-15827, was received by the ICE on June 21, 2017, the day after the ICE received Plaintiff's initial complaint on the issue. *Id.* ¶ 10. The ICE rejected Offender Complaint FLCI-2017-15827 on July 3, 2017, finding that the issue had been addressed through Offender Complaint FLCI-2017-15686. *Id.* ¶ 11. Plaintiff appealed the rejection of Offender Complaint FLCI-2017-15827, and the appeal was received by the RA on July 7, 2017. The RA upheld the rejection on July 19, 2017. *Id.* ¶ 12.

**LEGAL STANDARD**

Summary judgment is appropriate when the moving party shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In deciding a motion for summary judgment, the court must view the evidence and make all reasonable inferences in the light most favorable to the non-moving party. *Johnson v. Advocate Health & Hosps. Corp.*, 892 F.3d 887, 893 (7th Cir. 2018) (citing *Parker v. Four Seasons Hotels, Ltd.*, 845 F.3d 807, 812 (7th Cir. 2017)). The party opposing the motion for summary judgment must "submit evidentiary materials that set forth specific facts showing that there is a genuine issue for trial." *Siegel v. Shell Oil Co.*, 612 F.3d 932, 937 (7th Cir. 2010) (citations omitted). "The nonmoving party must do more than simply show that there is some metaphysical doubt as to the material facts." *Id.* Summary judgment is properly entered against a party "who fails to make a showing to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." *Austin v. Walgreen Co.*, 885 F.3d 1085, 1087–88 (7th Cir. 2018) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).

**ANALYSIS**

Defendant asserts this case should be dismissed because Plaintiff failed to exhaust his administrative remedies. The Prison Litigation Reform Act (PLRA) provides that an inmate cannot assert a cause of action under federal law "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(1); *see also Woodford v. Ngo*, 548 U.S. 81, 93 (2006) (holding that the PLRA requires proper exhaustion of administrative remedies). "To satisfy the exhaustion requirement, an inmate must take each of the steps prescribed by the state's administrative rules governing prison grievances." *Chambers v. Sood*, 956 F.3d 979, 983 (7th Cir. 2020) (citation omitted). The exhaustion requirement "applies to all inmate suits about prison life,

whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 526, 532 (2002). The purpose of § 1997e(a) is to "permit the prison's administrative process to run its course before litigation begins." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006) (quoting *Cannon v. Washington*, 418 F.3d 714, 719 (7th Cir. 2005)); *see also Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006).

Wisconsin has implemented the Inmate Complaint Review System (ICRS) under which inmate grievances concerning prison conditions or the actions of prison officials are "expeditiously raised, investigated, and decided." Wis. Admin. Code § DOC 310.01(1). Under the ICRS, an inmate must file a complaint with the ICE within 14 days after the events giving rise to the complaint occur, unless good cause exists to excuse a delay. § DOC 310.07(2). The ICE has the authority to return, investigate, or reject the complaint. § DOC 310.10. If the ICE rejects the complaint, an inmate may appeal a rejected complaint within 10 days to the appropriate RA who shall only review the basis for the rejection of the complaint. The RA's decision is final. § DOC 310.10(10). The corrections complaint examiner must return any inmate appeal of the RA's rejection of a complaint to the inmate. § DOC 310.12(4)(b).

If the ICE recommends to the RA that the complaint be affirmed or dismissed, the RA shall affirm or dismiss the complaint in whole or in part or return the complaint to the ICE for further investigation. § DOC 310.11(2). An inmate may appeal the RA's decision within 14 days after the date of the decision by filing a typed or legibly printed request for review with the CCE. § DOC 310.12(1). After receiving an appeal, the CCE recommends a decision to the DOC Secretary, who adopts or rejects the recommendation. §§ DOC 310.12; DOC 310.13. The failure to properly exhaust each step of the grievance process constitutes a failure to exhaust administrative remedies. *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002).

Plaintiff failed to exhaust his administrative remedies because he did not appeal the dismissal of Offender Complaint FLCI-2017-15686. Although Plaintiff appealed the rejection of his second complaint as duplicative, that complaint and appeal did not address the merits of his assertion that Defendant violated his due process rights and was deliberately indifferent to his health and safety. Because Plaintiff did not appeal the dismissal of Offender Complaint FLCI-2017-15686, he has failed to exhaust his administrative remedies with regard to his claim. The PLRA requires that inmates fully exhaust and complete each step of the administrative grievance process before filing a lawsuit. *See* 42 U.S.C. § 1997e(1). Plaintiff failed to do so and has not shown that administrative remedies were unavailable to him. Therefore, his claim must be dismissed.

## CONCLUSION

For these reasons, Defendant's motion for summary judgment on exhaustion grounds (Dkt. No. 36) is **GRANTED** and Defendant's motion to stay discovery and case deadlines (Dkt. No. 45) is **DENIED as moot**. The case is dismissed based on Plaintiff's failure to exhaust his administrative remedies. The Clerk is directed to enter judgment accordingly.

**SO ORDERED** at Green Bay, Wisconsin this 8th day of January, 2021.

                                                s/ William C. Griesbach
                                                William C. Griesbach
                                                United States District Judge